May it please the court, Ashley McDonald for Taxpayer Petitioner. I would like to reserve two minutes to rebuttal. Okay, keep your eye on the clock, it counts down. This case involves the simple legal issue of whether a unilateral concession by the IRS is a settlement under the Qualified Offer Rule. The tax court erred in this case by concluding that a concession is a settlement. This case was not settled. For those reasons, this court should reverse. Was this case litigated? There was a stipulated facts trial pursuant to Rule 122 that did involve substantial litigation. I'm trying to figure out how the case ended procedurally. I know there was a conference in which the IRS said, although we could still assert the statute of limitations, we've decided it's a matter of policy not to. And there was a point at which you all refused to enter into a stipulated settlement. What I'm not clear about is how we got from there to judgment. Can you take me from those points to judgment? Yes. The innocence, there are two issues here. First, there's the innocence balance issue. The mayor said that we're conceded after nine hours before a pretrial memo was submitted. I understand. I understand that the only thing at issue at that point, when you had this last conference, was whether or not the government was going to continue to assert the statute of limitations as a matter of policy. They said, no, we're not going to anymore. I'm okay up to there. I know everything that happened up to there, and I know that out of the far end of the sausage machine spits a judgment. Tell me how. Take me from that point to the judgment. Well, the procedure of the IRS does provide a stipulation of settlement issues whenever they have conceded.  Knowing that our council would not sign the stipulation of settled issues, ER 42 shows that the taxpayer actually preserves the right to attorney's fees by telling the IRS that this was a concession, not a settlement. I know you preserved your point. Just tell us what happened. This went to the tax court under Rule 122 as a stipulated facts trial. The tax court decided as an error of law that this was a settlement and not a concession, and thus it decided that it did not actually have. Let me try again, because you're being helpful, but maybe I'm being dense. I understand that you litigated the issue of whether this was a concession or a settlement, and I understand that at the end of the day, you got the relief you wanted here, which was that the IRS was no longer pursuing your client for this deficiency. What I'm trying to figure out is how the case got disposed of on the merits between the time that you had this conference and the IRS said, this is our new position, and when you got that piece of paper from which the Notice of Appeal has compiled to here, what did a tax court judge do in this case? The tax court basically took the IRS's concession and treated it as a settlement, and from that is what we're appealing. It was an error of law to determine that. So did the tax court just sign off on a judgment that you win, but you don't win any attorney's fees? Is that what happened? The tax court did say that there was no liability for the taxpayer, and then they did say that attorney's fees, they would not be able to consider that issue. Now, once the IRS concedes, was there any argument in the tax court on any question except entitlement to fees? Except for the fees issue, did the tax court just sign and say, okay, we're done? There was no more argument. Okay. Mr. Kraft? Could the government have decided, and I see the governor for the IRS here for the commissioner, could the IRS have decided in this case, had you taken the position that there was no settlement, could the IRS have then said, well, if there's no settlement, we'll go ahead and proceed with asserting the statute of limitations? I'm sorry, could you repeat that? Sure. In a normal settlement case, this is a straight situation, what would happen is the IRS would come in and say, I guess I won't assert the statute of limitations if you agree to no fees. That would be an actual settlement? That would be a traditional type of settlement. Exactly. Could the IRS in this case have continued to assert the statute of limitations? It was purely a policy decision that they made, correct? That was. However, it was several other circuits were no longer considering the statute of limitations as being valid in two years. Is that right? I thought the circuits, the cases that I looked at seemed to uphold the statute of limitations. The tax court had questioned whether or not you could apply this to your regulation. Was there a circuit that had held it on jury? I'm not certain on the exact, but I can file a. . . The circuit that expressed this issue had held that the two-year regulation was a valid statute of limitations, but the tax court had expressed the opposite view. If I'm wrong about that, correct me, but you don't need to file a settlement. But you were obviously in the tax court, so if the tax court followed its own precedent, which might or might not have happened, but if the tax court followed its own precedent, the IRS would have lost in the tax court. That is correct. It might have happened after that. I don't know. So what this issue turns on, the qualified offer rule is quite lengthy. The relevant portion is 743C4E21. The revised right to attorney's fees does not apply under the qualified offer rule when a judgment is issued pursuant to a settlement. Did you accept the concession? We did it. But you rejected the concession. Yes. ER 42 shows that the taxpayer did not sign the settlement. I understand, but when the IRS said, gee, we've been asserting the statute of limitations on this case up until now, and facially that would defeat you, but we've decided not to. We concede. I understand you said, well, we're not settling. But did you say, no, no, we won't take that concession. We want to prove that the statute of limitations doesn't apply? No, we didn't, because that would force the taxpayer to continue to legate, and that goes against the intent behind the qualified offer rule. And you were trying to save the government fees. Exactly. An attorney in a fee case does have the requirement of trying to minimize fees. Could you have said at that point, since you wanted to get fees, no, no, we don't accept your concessions, we're going to put you to your proof? We did state that we were going to be considering this as a concession, not a settlement, and that we would be pursuing it. That's terminology. Yes. The question, I guess the question I have is, this doesn't look like, cases either get tried or they get settled, and this one looks strangely somewhere in the middle, which is why we're all having some difficulty. Well, a settlement usually implies a deal. And I'm trying to figure out what you guys got in return for the deal. They just said, okay, we lose. They didn't ask for anything in return. They said we lose. Exactly. If they had asked us to waive our right for attorney's fees and we had agreed to that, then that might have been a settlement. However, here there was nothing given up by the taxpayer. It was just a unilateral concession by the IRS that they then tried to classify as a settlement in order to not be liable for attorney's fees. And allowing that would get a significant portion of the qualified offer rule, which is to allow a taxpayer to encourage the IRS to settle cases early instead of dragging it into litigation. Here the IRS, they conceded the merits issue after 90 hours of work, and then six months later they finally conceded the statute of limitations. And what I'm trying to figure out, and I don't want to cut too much into your rebuttal time, but what I'm trying to figure out here is if the IRS had been more devious here, if they'd come to you and said, tell you what, we'll concede on the statute of limitations as long as you give up on fees, what would you have said? I'm not certain because I was not involved in this case. No, I understand. But it seems to me that what you would have said is, oh, no, we'll take that concession. And that seems to me like a settlement. So that's why I'm having some difficulty here. But that's what might have been. Not actually happened. Well, let's hear from the government, and then you've got some time. And we'll make sure that you have enough time and all the judges have enough time to answer questions and to ask questions. If you would, may it please the Court, I'm Carol Barthelt for the government. Let me ask you, are you asking this Court to do what? There's a rule so broad as the concession is always the same. No, it's a matter of the facts and the circumstances, as the tax court held. It's determined under the rules generally applied with respect to contracts. So that's where I'm having trouble setting the line in this case. So was there a contractual agreement here? There was an agreement. The taxpayer could, in fact, have rejected this. I understand. But it accepted the offer. Tell me how they accepted it. They accepted the offer by accepting its benefits and not objecting to the concession, to entry of decision based upon the concession, which they could have done. Let me distinguish, for present purposes, between a contract and a gift. And if Judge Fletcher says, here's an iPad. I can't use it anymore. Would you like it? I say, sure. And I take it. It's not a contract. I've accepted the benefits of it, but I haven't promised to do anything for it. If he says, take this one and in return give me your new one, because I understand you don't like it. We've got a contract. So tell me why this is a contract and not, in common parlance, a gift. If they got lucky, the government decided to give them something. Basically, this is a settlement pursuant to the qualified offer rule. Now, that's a good question. Because the court did not enter a judgment based on the determination of the issues. It simply accepted the party's agreement that the IRS would not pursue the matter anymore. And according to the regulations, as the tax court correctly pointed out. Silence implies consent. I'm sorry? Silence implies consent. In this case, it does. In the McGowan case. What kind of argument is this? What kind of argument is this? Let's see. You're giving me everything. I don't want that. They could have done that, Your Honor. What kind of argument is this? As the court pointed out in the McGowan case, the tax court rejected the commissioner's argument that the commissioner's concession deprived the court of jurisdiction to do anything other than to accept the settlement. It said that the court has discretion to reject the concession and to hold trial where this is in the interest of justice. And there have been a number of cases following the McGowan rule in which. What kind of a trial would that have been? The IRS concedes that the statute doesn't apply. The taxpayer argues that it doesn't apply. I mean, who's fighting about anything? I don't see the case of controversy once you've made the concession. I mean, what's there to talk about? There isn't. The court has nothing to decide at that point. So it's decided in the interest of justice in this case. So you're saying they should go to trial in the interest of justice on a point that's not in dispute. I don't get it. No, I'm not saying that, nor did the tax court say that. It said that the taxpayer just simply didn't find any ground for litigation. Barbara, what we're trying to derive here. This apparently doesn't occur very often. This statute's been in effect for 15 years. We have two tax court decisions, no court of appeals decisions on the topic. So we're trying to figure out where the dividing line is. And so I need you to be helpful to us, if you can, and tell us not what the tax court said or what other cases said, but where's the dividing line? Where's the dividing line? A traditional settlement, you go to them and say, tell you what, I'll drop my statute of limitations defense if you give up your fees requirement. And I think you just said they would have been idiots not to take that. But that's not what you did. So how do we turn this into a settlement as opposed to just a concession? It's a settlement because there was the tax court did not pursue it to this particular statute as well as to general law. Why? Because the tax court did not decide any of the issues relating to the tax adjustments it issued. It issued a judgment, did it not? It issued a decision in which it accepted the concessions that the parties had agreed to. And at the end of the day, it was a judgment that the plaintiff prevailed. It wasn't exactly a judgment. A judgment is on the issues after a determination of the issues within the tax court regulations. What did it say? Other than not talking, what did it say? Take out the part that talks about attorney's fees under the QOR. What did it say with respect to the merits of the case? It said nothing with respect to the merits of the case except that the taxpayer, Ms. Knudson in this case, was entitled to the relief she sought pursuant to the party's concessions. That sounds like a judgment to me. It's a decision. It's not – it didn't determine the issues. It accepted the party's agreement that this would be what would happen. I'm concerned that all the work had been done, it had been submitted on briefs, and what, two months later, the IRS conceded? It had not been submitted on the briefs, Your Honor. There had been a stipulation. It was submitted on March 11th. It had been submitted on stipulated facts. Okay. The court had said, well, we'll set up this briefing schedule, and then when they settled the case, the briefing schedule was vacated. It was submitted, and then two or three months later, the IRS said, oh, well, we'll concede. No, it was submitted – no, it was shortly thereafter. The IRS – well, it was – Conceded in July. Yeah, you're right. It was submitted on the facts, but briefing had not been held on the issue of the timeliness of the – I'm disturbed by the fact that it seems like what you're saying, that the IRS could, after looking at the case, decide, good Lord, we're going to lose this, so why don't we just concede? Which is the case with the state of lipids, but that was not the case here. Contrary to what Congress intended, if you wait until you see you lose, and then you concede, big deal. Well, that's not what happens here, as the tax court pointed out. This is not a case in which the IRS was dilatory or abusive, which does appear from the facts of lipids to have happened. That's a different provision of the statute. I'm sorry? That's a different provision of the statute. You don't need to show bad faith or improper litigation by the IRS in order to get fees under the provision we're dealing with. We're dealing with the offer of judgment comparable to Rule 68. We're just trying to figure out who the prevailing party is in this case, and whether they prevailed, and whether there was a settlement. Those are the two requirements for the QOR. You end up with a better deal than the one you offered, and you prevailed, and it wasn't by result of settlement. As I understand it, your position is not that they didn't prevail. Your position is that they arrived at this by way of settlement. And so you started with this contract notion. Tell me what consideration each side gave each other in this contract. This is a contract in the sense that the government offered to concede these issues, and the tax court accepted that it was a contract. Was your contract with the tax court or with the taxpayer? I'm sorry? Was your contract with the tax court or was it with the taxpayer? It was between the two parties. Okay, so what consideration did the government receive in return for its concession? It paid out to Ms. Knudsen the benefits which it decided she was entitled to. It sounds like a donative transfer to me. You used his term of gift. It was a whole thing. What did you get in return? What did you get? You know, what did she give up in return for the concession? She gave up any right to protest against the concession for whatever reason she might have had to contest it. She accepted the benefits without contesting it. No, no, she accepted the benefits and said, I'll take your concession, but I won't give up my right to fees. I want to have a judge decide those. And so she surely didn't give that up expressly. You're saying she gave it up implicitly because she settled. So my question is, if that's not what she gave you, what did she give you? As I said, she did not protest against bringing this case to a conclusion based on the government's concession. Stop hitting me over the head. Judge Hurwitz would well be well advised to not accept any iPad I give him. But if he takes it, he takes it. See, I'm not unsympathetic to the government's position that why should we continue this litigation? And we're being reasonable. My question and the one where I still need some help on this, how do I characterize this as a settlement? In my mind, settlement, when I look in plaques, which is no longer very useful, settlement is sort of the parties agreeing to a result. And the result here that you want us to agree to is that she gave up her right to fees, and she said, I won't agree to that result. So what did she agree to? Under this statute and these regulations, a prevailing party may not recover fees under the qualified offer rule for any issue that is settled. Recovery is limited issues that are actually determined by a court. And the court did not actually determine any of the issues. Didn't the court actually determine it based on your concession? No, it did not. It did not address whether she was entitled to relief under Section 6015F, nor did it revisit its holding in Lance regarding the two-year, which if it had not been settled between the parties, it could have done. Both of them. It should have done. I understand your at least implicit reading of the statute in the words that you just read to us. It is a settlement whenever there is a judgment that is not premised upon resolution of disputed questions of fact or law. Is that your position? The regulations treat settlements and concessions equally in this case, in this situation, because they don't go to the court for decision on the merits. So, in your view, whenever the commissioner says, I lose and Knox O'Rourke is king, that is always going to be a settlement? It depends on the facts and the circumstances, as the text court has said. It certainly, in this case, was a settlement because the court, everybody accepted it and the court entered judgment without having gone into any of the merits of the case at all. You say accepted, but didn't she prevail? Didn't she get everything she ever wanted? And she never made a formal agreement to anything that you did? The statute and the regulations require that for there to be a judgment. Okay, so let's take this back to Judge Fletcher's question, as we addressed it here. Your position is that if the case, if the tax judge says, I don't have to decide the issues in this case because the parties have come to me with a stipulated judgment and the judgment says taxpayer wins, then that's a settlement? Even if the stipulation arrives because the government walks in and says, I'll stipulate to all these facts? The tax court is not obliged to do that, but the tax court can reject concessions. Right, but the tax court didn't reject, so is it the tax court's acceptance, is it the tax court's acceptance of the concessions that makes it a settlement in your view? It's part of it, certainly, because the parties could have not gone to the conclusion that they did. They could have objected for whatever reason against the government's concession. Okay, thank you very much. We've taken you over time, and I think we understand your position. Thank you, Your Honor. And you've saved a little time. As the court noted, a refusal of an IRS concession just isn't a practical option. An attorney that is advising a client to reject relief from four years of tax liability risks malpractice, and the taxpayer can also be harmed from the unnecessary delay. Well, that doesn't help me in determining whether it's a settlement. I mean, all that says is that you're really smart to take it, but the question is still whether it's a settlement or not. That's correct. You could have said, to heck with you, we'll take our risks. You didn't. You said, that sounds good to us. So why isn't that close enough to a settlement if it was in the rules here? Because the attorney fee issue is still unsettled. The taxpayer had preserved their right to attorney's fees, had told the IRS, you know, we're going to go after the attorney's fees. That doesn't help me. Reserving the right to claim it's not a settlement doesn't help me decide whether it's a settlement. So tell me what it is about when the IRS said we're going to concede under statute of limitations, and you said, terrific, we won't fight anymore about that. Why wasn't that enough to settle it? Well, there wasn't enough to settle because the entire issue wasn't settled. There wasn't an agreement. The IRS just basically unilaterally gave up something and pushing farther for a trial that there was no factual dispute anymore. The IRS had conceded on the merits. I confess, if I had been a tax court judge and the government comes in and says, we lose on this point, the only remaining point to be disputed, the dispositive point, and you'd insisted on going to trial and say, yeah, they lose, I want a trial. If I were the judge, I'd be unhappy. And there's no way I'd give you a trial. Yes, and I'd also like to note that the tax court did decide that the petitioner's entitled to relief on ER 2. So there was a judgment that determined that the taxpayer was the prevailing party. Okay, well, we've taken you over time, too, and we thank both sides. Thank you. Thank you for coming out. We're glad to have you here. The case of Knudsen v. C.I.R., Commissioner of Internal Revenue, is now submitted for decision.
judges: Walter, Fletcher, Hurwitz